UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **EDWARD T. FARLEY,** <br><br> Defendant. | Criminal No. 08-95(JR) |

**DETENTION MEMORANDUM**

The Defendant, Edward T. Farley, has been charged by indictment with possession with intent to distribute cocaine base, also known as crack, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). The government requested a detention hearing, which was held on April 18, 2008. At the conclusion of the hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**Findings of Fact**

At the detention hearing, the government proceeding by proffer. Government counsel informed the Court that at the time of his arrest on February 29, 2008, Defendant was in possession of more than fifty grams of crack cocaine. Government counsel further informed that Court that on April 15, 2008, Defendant was arrested again and found to be in possession of seventy-four zip lock baggies of a substance that field-tested positive for heroin. Defendant has

an extensive criminal record including multiple drug convictions and violations of the Bail Reform Act. Finally, according to Pretrial Services, Defendant tested positive for cocaine on April 10, 2008.

**Discussion**

The Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq.*, provides, in pertinent part, that if a judicial officer finds that "no condition or combination of conditions will reasonably assure the appearance of the person . . . [or] the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Danger to the community alone is a sufficient basis upon which to order pretrial detention, if the judicial officer finds by clear and convincing evidence that the defendant's pretrial release would constitute an unreasonable risk of danger to the community. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

When, as here, a grand jury indictment establishes probable cause to believe that a defendant has committed a violation of the Controlled Substance Act for which a maximum penalty of 10 years or more is prescribed, a rebuttable presumption arises that the defendant constitutes a danger to the community, and no pretrial release condition or combination of conditions may be imposed to assure his future presence in court or to reasonably assure the safety of the community. *See* 18 U.S.C. § 3142(e).

In determining whether there are conditions of release which will reasonably assure the safety of any other person and the community, the judicial officer shall take into account the

available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including the defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release.  *See* 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention for the Defendant.  The Defendant is charged with possessing with intent to distribute more than fifty grams of crack cocaine.

The third factor, the history and characteristics of the Defendant, favors detention. Defendant has an extensive criminal history that includes multiple drug convictions. Furthermore, Defendant has consistently demonstrated that he is unable to comply with conditions of release.  He has several Bail Reform Act violations and was arrested in the instant case while under supervision both in this Court and in Superior Court.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention.  The grand jury found probable cause to believe that the Defendant intended to distribute at least fifty grams of crack cocaine in the District of Columbia.  Crack cocaine is a dangerous drug that causes violence in and around the District of Columbia, and accordingly the Defendant poses a danger to the community.

## Conclusion

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes by clear and convincing evidence that the statutory presumption has not been

rebutted and that no condition or combination of conditions can be imposed to reasonably assure the safety of the community. Therefore, the government's motion for pretrial detention is granted.


Dated: April 18 , 2008                              /s/
                                              ALAN KAY
                                              UNITED STATES MAGISTRATE JUDGE